(No. 55881.—

NICK D'ALFONZO, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Hiram Walker & Sons, Inc., Appellee).

*Opinion filed September 17, 1982.*

Warren E. Danz, P.C., of Peoria, for appellant.

Goldsworthy & Fifield, of Peoria (Raymond C. Williams, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that on August 14, 1979, petitioner, Nick D'Alfonzo, suffered accidental injuries arising out of and in the course of his employment by respondent, Hiram Walker & Sons, Inc., and awarded petitioner worker's compensation for 14 weeks of temporary total incapacity and 30 weeks of compensation for partial permanent disability to the extent of 6%. On review the Industrial Commission affirmed the award for temporary total incapacity, but found that petitioner had failed to prove that he sustained any permanent disability as a result of the accident and vacated the award for partial permanent disability. On *certiorari* the circuit court of Peoria County confirmed the decision of the Industrial Commission and petitioner appealed. 73 Ill. 2d R. 302(a).

The sole question presented for review is whether the Commission's finding that petitioner's accident on August 14, 1979, did not cause any permanent disability was against the manifest weight of the evidence. Petitioner testified that prior to the occurrence of August 14, 1979, he had experienced pain in his left hip three or four times a year for six to seven years. In March of 1979, after suf-

fering back pains while working, petitioner was referred by a chiropractor to Dr. John McLean, a neurologist. Dr. McLean examined petitioner on June 13, 1979. Dr. McLean's report to the referring doctor noted that petitioner had complained that "he started having pain in his left hip and left lower extremity which has seemed to persist." Dr. McLean placed petitioner in the Methodist Medical Center of Illinois for further tests. He was in the hospital from June 14, 1979, to June 22, 1979. Dr. McLean's "final summary" in the Center's records stated that he had made a final diagnosis of "Lumbosacral strain. First-degree spondylolisthesis."

On August 14, 1979, petitioner injured his back while lifting a hose. He was seen by Dr. Palmer, respondent's plant physician, who referred him to Dr. McLean. He stated that he was now experiencing more pain than prior to the accident. He received heat treatments, medication for pain, and for a period of several weeks wore a back brace prescribed by Dr. Palmer. Petitioner returned to work on a full-time basis on November 26, 1979, and was working for the same department, but in a different capacity.

Dr. Gordon Schultz, who had examined petitioner at petitioner's counsel's request, testified at the hearing before the arbitrator. Dr. Schultz stated that X rays showed that petitioner had a condition called pars interarticularis defect. The pars interarticularis is a structure in the lower back which is part of the vertebra. Dr. Schultz explained that this structure acts as a hook on either side which prevents one vertebra from sliding forward on another. Another name for this condition, Dr. Schultz explained, is spondylolysis or pre-spondylolisthesis. "Spondylolysis" is a term used where the defect exists but no slippage has occurred; "spondylolisthesis" is a term used to designate the condition where slippage has occurred. Spondylolisthesis is categorized in degrees:

the first degree designates slight slippage, and the higher degrees designate increasing severity of slippage. Dr. Schultz testified that petitioner had first-degree spondylolisthesis. Dr. Schultz expressed the opinion that the spondylolisthesis was not caused by, but was aggravated by, the August 14, 1979, accident. On cross-examination, Dr. Schultz was asked whether Dr. McLean's diagnosis of first-degree spondylolisthesis prior to the August 14, 1979, accident would indicate that petitioner's back condition had not changed. Dr. Schultz replied that this was not necessarily true, because the accident could have aggravated the amount of pain experienced by petitioner even though the X rays revealed no change in the position of petitioner's vertebrae.

The arbitrator found that the injury caused permanent partial disability to the extent of 6%. On review, the Commission made, *inter alia*, the following findings:

"2. Petitioner had been treated in June, 1979, by Dr. McLean for back pain. Dr. McLean's records show Petitioner had a history at that time of intermittent pain for 7 years. Dr. McLean found 1st degree spondylolisthesis and prescribed no heavy lifting or bending.

3. After his injury of August 14, 1979, Petitioner returned to Dr. McLean. On October 31, 1979 Dr. McLean reported Petitioner had 1st degree spondylolisthesis. He found flexion, reflexes and straight leg raising normal. He also stated Petitioner is prone to back injury.

Based on Dr. McLean's records, the Commission finds Petitioner had a temporary exacerbation of his low back condition, but has failed to prove that he sustained any permanent disability as a result of the accident of August 14, 1979."

Petitioner argues that the decision of the Industrial Commission is against the manifest weight of the evidence. Petitioner argues, too, that Dr. Schultz was in the best position to evaluate the permanency of petitioner's condition

since he examined petitioner after he had returned to work. Petitioner also notes that the arbitrator heard the "live" testimony of Dr. Schultz and thus was in the best position to evaluate the credibility of his testimony. Respondent contends that no deterioration of petitioner's condition had occurred. Respondent notes that petitioner has returned to basically the same work he was doing prior to the accident and, at the time of the hearing on review, was not seeing a doctor and was not on medication. Respondent argues that even if petitioner's condition is worse, there is insufficient evidence to show that the August 14, 1979, injury proximately caused this aggravated condition.

According to Dr. Schultz's testimony, since the X rays showed no greater degree of slippage in the vertebrae, whether petitioner's condition had worsened depended upon whether the pain caused by the condition had increased. While petitioner testified that his pain had become constant after the accident and was more severe, he also testified that he was no longer taking pain pills and was working full time in the same department in which he had worked before the accident. Dr. McLean's final summary to the Methodist Medical Center of Illinois indicated that petitioner had stated that he was experiencing more persistent pain than he had in previous years due to an injury sustained in March of that year. The testimony is conflicting on the question of whether the accident caused a permanent increase in the amount of pain suffered by petitioner, and different inferences may be drawn from the testimony of the various witnesses. On this record we cannot say that the finding of the Industrial Commission that petitioner had failed to prove that he sustained any permanent disability as a result of the August 14, 1979, accident was against the manifest weight of the evidence. Accordingly, the judgment of the circuit court of Peoria County is affirmed. *Elliott v. Industrial Com.* (1982), 91 Ill. 2d 100, 107-08.

*Judgment affirmed.*